IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN PEARSON,<br>DONNA PEARSON,<br>RANDY CHAPPELEAR, individually and as parent of B.C., a minor, and COURTNEY CHAPPELEAR, individually and as parent of B.C., a minor,<br><br>Defendants. | Civil Action File No.<br><br>_____ |

**AUTO-OWNERS INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, *et seq.*, Plaintiff Auto-Owners Insurance Company files this Complaint for Declaratory Judgment, showing this Honorable Court as follows:

**PARTIES**

1.

Plaintiff Auto-Owners Insurance Company ("Auto-Owners") is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Michigan.

1

2.

Defendants Brian Pearson and Donna Pearson (collectively, the "Pearsons") are individuals who reside and are domiciled in the State of Georgia, and they have the present intention to remain in Georgia. The Pearsons may be served at their residence located at 203 Brock Road, Toccoa, Stephens County, Georgia 30577. The Pearsons are subject to the jurisdiction and venue of this Court.

3.

Defendants Randy Chappelear and Courtney Chappelear (collectively, the "Chappelears") are individuals who reside and are domiciled in the State of Georgia, and they have the present intention to remain in Georgia. The Chappelears may be served at their residence located at 18 Norwood Avenue, Toccoa, Stephens County, Georgia 30577. The Chappelears are subject to the jurisdiction and venue of this Court.

**JURISDICTION AND VENUE**

4.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Michigan, while Defendants are citizens of Georgia, and the claims at issue seek damages, exclusive of interests and costs, that exceed $75,000.

5.

The Chappelears have presented a policy-limits demand to Plaintiff under a homeowners insurance policy issued to the Pearsons, seeking payment of the $500,000 personal liability limit available under the policy and thereby have implicated Auto-Owners' defense and indemnity obligations.

6.

This Court has personal jurisdiction over the Defendants because the matter in controversy occurred in Stephens County, Georgia, the Defendants reside in Stephens County, Georgia, and each Defendant is present in, or has substantial contacts with, the State of Georgia.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the relevant insurance contract was issued in the Northern District of Georgia, the Defendants reside in the District, and the events giving rise to the coverage dispute between the parties occurred in the District.

## NATURE OF ACTION

8.

This is a complaint for declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 to declare the rights and

3

other legal relations surrounding questions of actual controversy that presently exist between Auto-Owners and the Defendants.

9.

A controversy of a judicial nature presently exists among the parties which demands a declaration by this Court in order that Auto-Owners may have its rights and duties under the relevant insurance contract determined and avoid the possible accrual of damages.

10.

Each named defendant herein has been joined in compliance with case law requiring the insurer seeking a declaratory judgment to bring into the action all individuals or entities that have a financial or other interest in the outcome of the coverage issues to be decided through declaratory judgment.

### THE UNDERLYING INCIDENT

11.

On May 24, 2025, the Pearsons and their grandson hosted the minor child of the Chappelears, B.C., at the Pearsons' residence located at 203 Brock Road, Toccoa, Georgia 30577.

12.

B.C. and the Pearsons' grandson left the Pearsons' residence and walked to the property of Donna Pearson's parents, Jimmy and Janet Crawford, located at 441 E. Leatherwood Road, Toccoa, Stephens County, Georgia 30577 ("Incident Property").

13.

While at the Incident Property, B.C. mounted a SSR 70 dirt bike ("Dirt Bike") owned by the Pearsons and brought to the Incident Property by the Pearsons' grandson.

14.

B.C. engaged the throttle of the Dirt Bike, causing the Dirt Bike to accelerate forward onto an embankment and strike a tree before coming to a stop, causing B.C. to sustain bodily injury on the Incident Property ("Underlying Incident").

## THE INSURANCE CONTRACT

15.

Auto-Owners issued a homeowners' insurance policy to the Pearsons, policy number 52-946-967-00, with an effective policy term of August 1, 2024 to August 1, 2025 (the "Policy"). A true and accurate copy of the Policy is attached hereto as **Exhibit A**.

16.

The Policy extends certain coverage to an insured location at 203 Brock Road, Toccoa, Georgia 30577 ("Insured Property").

17.

The Policy contains Homeowners Policy Form 3 (17903 (6-21)), which provides, in pertinent part:

**HOMEOWNERS POLICY
FORM 3**

**INSURING AGREEMENT**

The attached Declarations describe the property **we** insure and the Coverages and Limits of Insurance for which **you** have paid a premium. In reliance upon **your** statements in the Declarations and application(s), **we** agree to provide insurance subject to all terms and conditions of this policy. In return, **you** must pay the premium and comply with all of the terms and conditions of this policy. This policy applies to losses, **bodily injury, property damage** and **personal injury** which occur during the policy term shown in the Declarations. The descriptions in the headings of this policy and all applicable endorsements are solely for convenience and are not part of the terms and conditions of coverage.

See **Ex. A**, Policy, at p. 1 of 22.

18.

The Policy contains the following relevant definitions:

**DEFINITIONS**

**We** define certain words and phrases throughout this policy. These defined words and phrases apply to the singular, plural, possessive and any other form of the word or phrase. Defined words and phrases appear in **bold font** whenever used in the policy and endorsements attached to this policy.

3.  **Bodily injury** means physical injury, sickness or disease sustained by a person including resulting death of that person. **Bodily injury** does not include **personal injury.**

9.  **Insured**:

    a. means:

    (1) **you;**
    (2) **your relatives;**
    (3) any other person under the age of 21 residing with **you** who is in **your** care or the care of a **relative**; and
    (4) a student enrolled in school full time, as defined by the school, who was residing with **you** before moving out to attend school, provided the student is under the age of 24 and who is:
        (a) related to **you** by blood, marriage or adoption; or
        (b) in **your** care or the care of a person who resides with **you** and who is related to **you** by blood, marriage or adoption.

10. **Insured Premises** means:

    a. the **residence premises**;
    b. any structures or grounds **you** use in connection with **your residence premises**;
    c. any other premises you acquire during the policy term and which you intend to use as a **residence premises**;
    d. that part of any other premises where you reside and which is shown in the Declarations;
    e. any structures or grounds **you** use in connection with premises described in **10.c.** and **10.d.** above;
    f. any part of a premises not owned by any **insured** but where any **insured** may be temporarily residing;
    g. any part of a premises not owned by any **insured** which any **insured** may rent for nonbusiness purposes, such as banquet halls and storage facilities;
    h. vacant land, other than farmland, owned by or rented to any **insured**;
    i. cemetery plots or burial vaults owned by any **insured**;
    j. land owned by or rented to any **insured** on which a one or two family dwelling is being constructed as a residence for the **insured**; and

    **k.** 200 or less acres of farmland owned by any **insured** on which there are no buildings when such land is farmed by anyone other than any **insured**.

11. **Motor vehicle** means a motorized land vehicle. **Motor vehicle** does not include a **recreational vehicle**.

12. **Occurrence** means an accident that results in **bodily injury** or **property damage** and includes all continuous or repeated exposure to substantially the same generally harmful conditions.

16. **Recreational vehicle** means a motorized land vehicle designed primarily for recreational purposes but not designed for travel on public roads. Recreational vehicle does not include **watercraft**.

19. **Residence premises** means:

    a. the one or two family dwelling where **you** reside, including the building, the grounds and other structures on the grounds; or
    b. that part of any other building where **you** reside, including grounds and structures

    which is shown in the Declarations.

20. **Suit** means a civil court proceeding in which damages because of **bodily injury, property damage** or **personal injury** to which this insurance applies are alleged.

    **Suit** includes:

    **a.** an arbitration proceeding in which such damages are claimed and to which **you** must submit or submit with **our** consent; or

    **b.** any other alternative dispute resolution proceeding in which such damages are claimed and to which **you** submit with **our** consent.

25. **We**, **us** or **our** means the Insurance Company providing this insurance.

26. **You** or **your** means any named insured shown in the Declarations and if any individual, such individual named **insured's** spouse who resides in the same household.

<u>See</u> **Ex. A**, Policy, at pp. 1-3 of 22.

19.

The Policy provides certain Personal Liability Protection coverage, which reads in pertinent part:

**SECTION II – PERSONAL LIABILITY PROTECTION**

**1. COVERAGES**

a.  **Coverage E – Personal Liability**

(1) **We** will pay all sums any **insured** becomes legally obligated to pay as damages because of or arising out of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies. However, with respect to any **aircraft, motor vehicle, recreational vehicle** or **watercraft:**

(a) **we** will pay damages because of or arising out of the ownership, maintenance, use, loading or unloading of only:

6) **recreational vehicles** owned by any **insured** while on an **insured premises;**

**We** will settle, as **we** consider appropriate, any claim or **suit** for damages covered by this policy. **We** will defend any **suit** for damages covered by this policy at **our** expense using attorneys of **our** choice. This agreement to settle or defend claims or **suits** ends when **we** have paid the limit of **our** liability.

b.  **Coverage F – Medical Payments to Others**

(1) A person who sustains **bodily injury** is entitled to this coverage when that person is:

(a) on an **insured premises** with the permission of an **insured;**

9

    **(b)** elsewhere, if the **bodily injury**:

        **1)** arises out of a condition on the **insured premises** or the adjoining ways:
        **2)** is caused by the activities of an **insured** or a **residence employee** in the course of employment by an **insured;**
        **3)** is caused by an animal owned by or in the care of an **insured;** or
        **4)** is sustained by a **residence employee** and arising out of and in the course of employment by an **insured;** or

    **(c)** injured because of the operation or use of an **aircraft, motor vehicle, recreational vehicle** or **watercraft** covered by **Coverage E – Personal Liability** of this policy.

See **Ex. A**, Policy, at pp. 15-16 of 22**.**

20.

Finally, the Policy contains certain exclusions from coverage, which read in pertinent part:

**2. EXCLUSIONS**

    **a. Coverage E – Personal Liability** and **Coverage F – Medical Payments to Others** do not apply:

        **(8)** to **bodily injury** or **property damage** because of or arising out of the ownership, maintenance, use, loading or unloading of any **aircraft**, **motor vehicle**, **recreational vehicle** or **watercraft.**

    This exclusion does not apply:

        **(a)** to **aircraft, motor vehicles, recreational vehicles** or **watercraft** described under **1. COVERAGES, a. Coverage E – Personal Liability, (1);**

        **(9)** to parental liability for **bodily injury** or **property damage,** whether or not imposed by law, because of or arising out of actions of a child or minor for use of an **aircraft, motor vehicle, recreational vehicle**

or **watercraft** if such use is excluded or otherwise limited by this policy.

**(10)** to **bodily injury** or **property damage** because of or arising out of:

**(a)** the entrustment to any person by any **insured;** or

**(b)** the supervision of any person by any **insured**

with regard to the ownership, maintenance, use, loading or unloading of an **aircraft, motor vehicle, recreational vehicle** or **watercraft.**

This exclusion does not apply to **aircraft, motor vehicles, recreational vehicles** and **watercraft** that are covered by **Coverage E – Personal Liability.**

See **Ex. A**, Policy, at p. 17 of 22.

## DEMAND AND RESERVATION OF RIGHTS

21.

On November 3, 2025, the Chappelears presented a demand to Auto-Owners for the Policy's Personal Liability limits of $500,000 to settle the bodily injury claim of their minor son, B.C., arising out of the Underlying Incident. A true and accurate copy of the Chappelears' November 3, 2025 demand ("Chappelear Demand") is attached hereto as **Exhibit B**.

22.

The Chappelear Demand alleges that B.C. was under the care and supervision of Donna Pearson when he was given unsupervised access to the Dirt Bike. See **Ex. B**, p. 1 of 4.

23.

The Chappelear Demand alleges that B.C. was given no helmet and, when he engaged the throttle, the Dirt Bike suddenly accelerated and violently struck a tree, resulting in extremely serious bodily injuries which required hospitalization and continuing medical treatment. See **Ex. B**, p. 1 of 4.

24.

The Chappelear Demand alleges that Donna Pearson knew her grandson and B.C. wanted to ride the Dirt Bike because they specifically asked her if it was okay to do so, but she took no overt action to prevent the boys from doing so. See **Ex. B**, pp. 1-2 of 4. The Chappelears contend that the Underlying Incident would not have occurred if Donna Pearson had properly supervised B.C. Id.

25.

Because it is questionable as to whether coverage is afforded under the Policy for the bodily injury claims presented in the Chappelear Demand, Auto-Owners issued a reservation of rights letter to the Pearsons on December 31, 2025, wherein it reserved its rights and defenses in connection with the Policy. A true and accurate copy of the reservation of rights letter is attached hereto as **Exhibit C**.

26.

On December 31, 2025, Auto-Owners issued a response to the Chappelear Demand, advising counsel for the Chappelears that there are questions regarding whether coverage exists for the bodily injury claims presented in the Chappelear Demand. A true and accurate copy of Auto-Owners' response is attached hereto as **Exhibit D**.

27.

Faced with this uncertainty and a demand for the available policy-limits, Auto-Owners timely filed this declaratory judgment action, seeking a determination from this Court as to its duties and obligations under the Policy for the bodily injury claims asserted in the Chappelear Demand in connection with the Underlying Incident.

## DECLARATORY JUDGMENT

28.

Auto-Owners hereby realleges and incorporates paragraphs 1-27 of the Complaint as if fully set forth herein.

29.

Under Section II – Personal Liability Protection, Coverage E – Personal Liability, the Policy only provides personal liability coverage for bodily injury arising out of the ownership, maintenance, use, loading, or unloading of a

"recreational vehicle" under certain enumerated conditions. Relevant here, the Policy provides personal liability coverage arising out of the ownership, maintenance, use, loading or unloading of a "recreational vehicle" owned by any insured while on an "insured premises." See **Ex. A**, Policy, at pp. 15-16 of 22.

30.

Consistent with this limitation, the Policy excludes coverage for Coverage – E Personal Liability and Coverage F – Medical Payments to Others for bodily injury "because of or arising out of the ownership, maintenance, use, loading or unloading of any . . . recreational vehicle" except to the extent such use falls within the narrow coverage afforded under Coverage E for "recreational vehicles" owned by an insured while on an "insured premises." See **Ex. A**, Policy, at p. 17 of 22.

31.

The Policy further excludes coverage for Coverage – E Personal Liability and Coverage F – Medical Payments to Others for bodily injury "because of or arising out of: (a) the entrustment to any person by any insured; or (b) the supervision of any person by any insured with regard to the ownership, maintenance, use, loading or unloading of . . . [a] recreational vehicle" except with respect to "recreational vehicles" "that are covered by Coverage E – Personal Liability." See **Ex. A**, Policy, at p. 17 of 22.

32.

The Policy defines "recreational vehicle" as a "motorized land vehicle designed primarily for recreational purposes but not designed for travel on public roads." See **Ex. A**, Policy, at p. 2 of 22.

33.

The Dirt Bike that B.C. was operating when the Underlying Incident occurred is designed primarily for recreational purposes and is not designed for travel on public roads, and therefore qualifies as a "recreational vehicle" under the Policy.

34.

The Underlying Incident occurred at 441 E. Leatherwood Road, which is not an "insured premises" as defined by the Policy and is not property owned by the Pearsons or used in connection with their residence premises.

35.

Because the Underlying Incident arose out of the use of a "recreational vehicle" away from an "insured premises," there is no coverage for the Incident under Coverage E – Personal Liability. For the same reason, and because Coverage F applies only to injuries arising from the operation or use of a recreational vehicle "covered by Coverage E," there is likewise no coverage under Coverage F – Medical Payments to Others.

36.

Auto-Owners is entitled to a judgment declaring that the Pearsons are afforded no coverage under the Policy for the Underlying Incident because the incident arose out of B.C.'s use of a "recreational vehicle" away from an "insured premises" and, as a result, Auto-Owners has no duty to defend or indemnify the Pearsons in connection with the Underlying Incident.

37.

The claims asserted by the Chappelears arise directly from and are causally connected to B.C.'s operation, use, and control of a "recreational vehicle" away from the "insured premises."

38.

Accordingly, coverage is independently barred under Exclusion 2.a.(8) of the Policy, which excludes bodily injury arising out of the ownership, maintenance, or use of a "recreational vehicle" owned by an insured when the occurrence takes place away from an "insured premises."

39.

The Chappelear Demand also asserts claims of liability against Donna Pearson based on alleged negligent supervision, failure to prevent use of the Dirt Bike, and alleged parental or custodial responsibility for B.C. at the time of the Underlying Incident. See **Ex. B**, pp. 1-2 of 4.

40.

Any claim based on negligent supervision, negligent entrustment, or parental liability necessarily arises out of and is dependent upon the ownership, maintenance, or use of the recreational vehicle, and is therefore independently excluded from coverage under Exclusion 2.a.(9) and Exclusion 2.a.(10) of the Policy.

41.

The Policy expressly excludes coverage for bodily injury arising out of the supervision or entrustment of a "recreational vehicle" unless such use is otherwise covered by Coverage E – Personal Liability, which in relevant part requires that the occurrence take place on an "insured premises."

42.

Because the Underlying Incident occurred away from an "insured premises," the conditions necessary to restore coverage under Coverage E are not satisfied, and no exception to the Policy's "recreational vehicle" exclusions applies.

43.

As a result, all claims asserted against the Pearsons in connection with the Underlying Incident are excluded from coverage.

44.

Accordingly, Auto-Owners has no duty to defend the Pearsons against any lawsuit arising from the Underlying Incident and no duty to indemnify the Pearsons

for any demands, damages, settlements, judgments, costs, or expenses arising therefrom.

45.

In light of the policy-limits demand presented by the Chappelears, an actual, present, and justiciable controversy exists between Auto-Owners and Defendants regarding the interpretation and application of the Policy, and a declaratory judgment is necessary to determine Auto-Owners' rights and obligations before additional prejudice, expense, or exposure accrues.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Auto-Owners respectfully prays as follows:

1) That this Court declare that Auto-Owners has no duty to defend or indemnify the Pearsons in connection with the Underlying Incident;

2) That declaratory judgment be entered in Auto-Owners' favor against all Defendants in this action;

3) That this Court bind each and every named party herein by said declaratory judgment;

4) That the Court award Auto-Owners all costs, expenses, and attorney's fees that it is entitled to receive under federal and/or state law; and

5) That this Court enter an order granting such other and further relief as justice requires.

This 26th day of January, 2026.

          Respectfully submitted,

          LAVENDER HOFFMAN EMERY, LLC

          /s/ Chad M. Brock
          Chad M. Brock
          Georgia Bar No. 357719
          Sarah Dumbacher
          Georgia Bar No. 713171
          *Attorneys for Auto-Owners Ins. Co.*

750 Hammond Drive
Building 2, Suite 200
Atlanta, GA 30328
Phone/Fax: 404.400.4500
cbrock@lhefirm.com
sdumbacher@lhefirm.com